IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

WESLEASE 2018 OPERATING LP; )
)
      Plaintiffs, )
)
v. )
)
DALE BEHAN, LINDALE PIPELINE LLC, )   Case No. 1:19-cv-157
and BULL MOOSE PIPELINE LLC, )
)
      Defendants. )
)
)

## AGREED PROTECTIVE ORDER

NOW on this 16 day of December, 2020, the Court, noting that Plaintiff, Weslease 2018 Operating LP ("Plaintiff"), and non-party Continental Resources, Inc. ("CLR"), have agreed to the provisions of this Agreed Protective Order in this action, the Court, upon a showing of good cause under F.R.Civ.P. 26(c), hereby enters this Agreed Protective and orders as follows:

**IT IS HEREBY ORDERED THAT:**

    Plaintiff acknowledges and agrees certain information, documents, communications, electronically stored information, and tangible items of Plaintiff, and third parties subject to discovery in this action, may constitute confidential information. Further, the disclosure of information held by Plaintiff or by third parties may be subject to other agreements, laws, regulations, and/or treatises. Plaintiff agrees certain categories of such information should be treated as confidential, protected from disclosure outside this litigation, and used only for purposes of prosecuting or defending this action and any appeals. Plaintiff and CLR jointly request entry of this proposed Agreed Protective Order to limit the disclosure, dissemination, and use of certain

1

identified categories of confidential information.

Plaintiff and CLR assert in support of their request that protection of the identified categories of confidential information is necessary because certain documents contain confidential, proprietary, trade secret, commercially sensitive business information, non-public personal information, and information that, if disclosed, would cause injury to Plaintiff or CLR's businesses and/or business relationships. A protective order will facilitate production of discovery materials and information, promote the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure protection is afforded only to material so entitled.

1. **Scope – Documents Produced by CLR.** The terms and conditions of this Agreed Protective Order (also referenced as "Order") shall be applicable to and shall govern all information, documents, and electronically stored information produced by CLR regardless of medium or format, and all tangible things produced by CLR: (a) under the Federal Rules of Civil Procedure; (b) in response to any discovery request in this action, including without limitation all answers to interrogatories pursuant to F.R.Civ.P. 33, all responses to requests for production pursuant to F.R.Civ.P. 34, all responses to requests for admissions pursuant to F.R.Civ.P. 36, all deposition testimony, all responses to subpoenas, and all other discovery engaged in pursuant to the Federal Rules of Civil Procedure; and (c) in connection with this action informally and/or voluntarily or pursuant to a rule, order, or other requirement.

2. **Definition of Confidential Information.** As used in this Order, "Confidential Information" is defined as information that the producing party designates in good faith has been previously maintained in a confidential manner and should be protected from disclosure and use outside the litigation because its disclosure and use is restricted by statute or could potentially

cause harm to the interests of the disclosing party or of nonparties. For purposes of this Order, CLR will limit their designation of "Confidential Information" to information that (a) if disclosed, would cause injury to the Party's business or business relationships with others; (b) contains trade secrets or other confidential and non-public research, development, and/or proprietary information; (c) contains non-public personal information; or (d) contains other information for which a good faith claim of the need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

3. **Form and Timing of Designation.** The producing party may designate documents as containing Confidential Information and therefore subject to protection under this Order by marking or placing the words "CONFIDENTIAL" (hereinafter "the marking") on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information. The marking will be applied prior to or at the time the documents are produced or disclosed. Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Copies that are made of any designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. By marking a designated document as Confidential Information, the designating attorney or party appearing *pro se* thereby certifies that the document contains Confidential Information as defined in this Order.

4. **Inadvertent Failure to Designate.** Inadvertent failure to designate any document or material as containing Confidential Information will not constitute a waiver of an otherwise

valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within fourteen (14) days after discovery of the inadvertent failure. Upon timely notification by the producing party, the non-producing party will either return or destroy the original unmarked material and will make a good faith effort to retrieve the unmarked material from unauthorized recipients. The producing party will promptly produce the confidential information with the marking.

5. **Depositions**. Deposition testimony by any representative, employee, manager, agent, or designee of CLR will be deemed confidential only if designated as such when the deposition is taken or within a reasonable time period after receipt of the deposition transcript. Such designation must be specific as to the portions of the transcript and/or any exhibits to be protected.

6. **Protection of Confidential Material.**

   (a) **General Protections.** Designated Confidential Information must be used or disclosed solely for purposes of prosecuting or defending this lawsuit, including any appeals or any other related future legal proceeding brought by any party to this litigation.

   (b) **Who May View Designated Confidential Information.** Except with the prior written consent of the designating party or prior order of the Court, designated Confidential Information may only be disclosed to the following persons:

   (1) Plaintiff and the above-captioned Defendants in this litigation, including any employees, agents, and representatives of the Plaintiff whose assistance is required in preparing for trial and who need access to such material to render such assistance;

   (2) Counsel for the Plaintiff and the above-captioned Defendants and their legal assistants, secretaries, and support personnel who are directly employed by counsel and who are assisting them in this

action;

(3) The Court and Court personnel, including any court-appointed magistrate, special master, officer, agent, or receiver, and members of the jury;

(4) Court reporters, recorders, and videographers engaged for depositions;

(5) Any mediator appointed by the Court or jointly selected by the Plaintiff;

(6) Any expert witness, outside consultant, or investigator retained specifically in connection with this litigation;

(7) Any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such confidential documents or information will assist the witness in recalling, relating, or explaining facts or in testifying and only if these individuals are not allowed to retain a copy of the disclosed document;

(8) The author or recipient of the document (not including a person who received the document in the course of the litigation);

(9) Independent providers of document reproduction, electronic discovery, or other litigation services retained or employed specifically in connection with this litigation;

(10) Other persons only upon consent of the producing party and on such conditions as the Plaintiff and CLR may agree;

(11) Parties to the case, if disclosure is required under the Federal Rules of Civil Procedure or other applicable law governing discovery.

(c) **Control of Documents.** Each person described in subparagraphs (6), (7) ,(10), and (11) of subparagraph (b) to whom Confidential Information is to be disclosed shall first be provided with a copy of this Agreed Protective Order by the disclosing party and shall signify his or her agreement to be bound by its terms by signing a copy of an Acknowledgement and Agreement to be Bound by Agreed Protective Order, in a form attached hereto as Attachment "A,"

of which the original shall be retained by the attorneys for the disclosing party and produced to the attorneys for the non-disclosing party upon request. Plaintiff must take reasonable efforts to prevent unauthorized or inadvertent disclosure of documents designated as containing Confidential Information pursuant to the terms of this Order.

7. **Filing of Confidential Information.** In the event a party seeks to file any document containing Confidential Information, subject to protection under this Order with the Court, that party must: (a) seek a stipulation from the parties to this action that the Confidential Information be filed under seal; (b) or, if the other parties will not agree to such a stipulation, notify CLR and bring the issue to the attention of the Court and motion to allow the Confidential Information to be filed under seal.

8. **Challenges to a Confidential Designation.** The designation of any material or document as Confidential Information is subject to challenge by any party. Before filing any motion or objection to a confidential designation, the objecting party must meet and confer in good faith to resolve the objection informally without judicial intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. The burden of proving the necessity of a confidentiality designation remains with the party asserting confidentiality. Until the Court rules on the challenge, all Parties must continue to treat the materials as Confidential Information under the terms of this Order.

9. **Use of Confidential Documents or Information at Trial or Hearing.** Nothing in this Order will be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present

Confidential Information at a hearing or trial must bring that issue to the attention of the Court and the other parties without disclosing the Confidential Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at the hearing or trial.

10. **Use of Documents Not Obtained in Discovery.** Nothing in this Order shall be deemed to restrict in any way any party or its attorneys with respect to the use of that party's own documents or materials, from documents or materials obtained from parties other than CLR, or of documents or materials obtained outside discovery or other than through court disclosures.

11. **Obligations on Conclusion of Litigation.**

(a) **Order Remains in Effect.** Unless otherwise agreed or ordered, all provisions of this Order will remain in effect and continue to be binding after conclusion of the litigation.

(b) **Return of Confidential Documents.** Within sixty (60) days after this litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as containing Confidential Information, including copies as defined above, must be returned to the party who previously produced the document unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; or (2) the Plaintiff agrees to destruction of the document to the extent practicable in lieu of return, in which case the Plaintiff will certify to the fact of destruction.. Counsel of record may retain one copy of any such Confidential Information produced by the other party solely for purposes of complying with ethical requirements or defending malpractice claims, and agrees not to use or disclose such Confidential Information in any other matter.

**(c)** **Retention of Work Product.** Notwithstanding the above requirements to return or destroy documents, counsel may retain attorney work product, including an index which refers or relates to designated Confidential Information, so long as that work product does not duplicate verbatim substantial portions of the text or images of designated documents. This work product will continue to be confidential under this Order. An attorney may use his or her own work product in subsequent litigation provided that its use does not disclose Confidential Information.

12. **Order Subject to Modification.** This Order is subject to modification by the Court on its own motion or on motion of any party or any other person with standing concerning the subject matter. The Order must not, however, be modified until the Plaintiff and CLR have been given notice and an opportunity to be heard on the proposed modification.

13. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Plaintiff and CLR and for the purpose of facilitating discovery. Nothing in this Order will be construed or presented as a judicial determination that any document or material designated as Confidential Information by counsel, Plaintiff or CLR is entitled to protection until such time as the Court may rule on a specific document or issue.

14. **Persons Bound by Agreed Protective Order.** This Order will take effect when entered and is binding upon all counsel of record and their law firms, the Plaintiff, the above-captioned Defendants, and persons made subject to this Order by its terms.

15. **Jurisdiction.** The Court's jurisdiction to enforce the provisions of this Order will terminate on the final disposition of this case. A party may, however, file a motion to seek leave to reopen the case to enforce the provisions of this Order.

**16.     Applicability to Parties Later Joined.**  If additional persons or entities become parties to this lawsuit, they must not be given access to any Confidential Information until they execute and file with the Court their written agreement to be bound by the provisions of this Order, unless disclosure is required under the Federal Rules of Civil Procedure or other applicable law.

**17.     Protections Extended to Third-Party's Confidential Information.** The Plaintiff agrees to extend the provisions of this Agreed Protective Order to Confidential Information produced in this case by third parties, if timely requested by the third party.

**18.     Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**  If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued.  The designating party bears the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a

receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

19. **Inadvertent Disclosure of Confidential Information Covered by Attorney-Client Privilege or Work Product.** The inadvertent disclosure or production of any information or document that is subject to an objection on the basis of attorney-client privilege or work-product protection, including, but not limited to, information or documents that may be considered Confidential Information under the Agreed Protective Order, will not be deemed to waive a party's claim to its privileged or protected nature or estop that party or the privilege holder from designating the information or document as attorney-client privileged or subject to the work product doctrine at a later date. Upon discovery of an inadvertent disclosure, the producing party must promptly request any inadvertently disclosed information or document be returned to the producing party. Upon receiving such a request as to specific information or documents, the receiving party must return the information or documents to the producing party within fourteen (14) days, regardless of whether the receiving party agrees with the claim of privilege and/or work-product protection. Disclosure of the information or document by the other party prior to such later designation will not be deemed a violation of the provisions of this Order.

**IT IS SO ORDERED.**

Dated this 8th day of January, 2021.

/s/ Clare R. Hochhalter
Clare R. Hochhalter
United States Magistrate Judge

Approved as to form and content:

_____
Erich M. Grant (ND ID No. 07593)
MCGEE LAW FIRM
2400 East Burdick Expy. Ste. 100
PO Box 998
Minot, ND 58702-0998
Telephone: (701) 852-2544
egrant@mcgeelaw.com

*Attorneys for Plaintiff Weslease 2018 Operating LP*

_____
Michael L. Forman (ND ID No. 06773)
Brown Pruitt Wambsganss Dean Forman & Moore, P.C.
201 Main Street, Suite 801
Fort Worth, TX 76102
Telephone: (817) 338-4888
mforman@brownpruitt.com

*Attorneys for Dale Behan, Lindale Pipeline LLC and Bull Moose Pipeline LLC*

_____
Jennifer S. Kaiser (OBA #22294)
PO Box 269000
Oklahoma City, Oklahoma 73126
Telephone: (405) 774-5948
Jenn.Kaiser@clr.com

*Attorney for Continental Resources, Inc.*

11

Approved as to form and content:

/s/ Erich M. Grant

Erich M. Grant (ND ID No. 07593)
MCGEE LAW FIRM
2400 East Burdick Expy. Ste. 100
PO Box 998
Minot, ND 58702-0998
Telephone: (701) 852-2544
egrant@mcgeelaw.com

*Attorneys for Plaintiff Weslease 2018 Operating LP*

/s/ Michael L. Forman

Michael L. Forman (ND ID No. 06773)
Brown Pruitt Wambsganss Dean Forman & Moore, P.C.
201 Main Street, Suite 801
Fort Worth, TX 76102
Telephone: (817) 338-4888
mforman@brownpruitt.com

*Attorneys for Dale Behan, Lindale Pipeline LLC and Bull Moose Pipeline LLC*

/s/ Jennifer S. Kaiser

Jennifer S. Kaiser (OBA #22294)
PO Box 269000
Oklahoma City, Oklahoma 73126
Telephone: (405) 774-5948
Jenn.Kaiser@clr.com

*Attorney for Continental Resources, Inc.*

11

## ATTACHMENT A

## ACKNOWLEDGMENT
## AND
## AGREEMENT TO BE BOUND BY AGREED PROTECTIVE ORDER

The undersigned hereby acknowledges that he/she has read the Agreed Protective Order dated _____ in the case captioned, *Weslease 2018 Operating, LP v. 640water, LLC and Keith Morlock,* Case No. CJ-2019-73, District of North Dakota, Case No. 1:19-cv-0153, and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the Federal District of North Dakota in matters relating to this Agreed Protective Order and understands that the terms of the Agreed Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern, except in accordance with the provisions of the Agreed Protective Order.

The undersigned acknowledges that violation of the Agreed Protective Order may result in penalties for contempt of court or actual damages resulting from any such violation.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____

Date:_____        _____
                                            Signature